UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
DENNIS BURKHOLDER,                 )
                                   )
        Plaintiff,                 )
                                   )
   v.                              )   C.A. No. 13-257 S
                                   )
BRIAN RUZZO, AMANDA RINN, and      )
MICHAEL MARCOTTE,                  )
                                   )
        Defendants.                )
_____)

**OPINION AND ORDER**

WILLIAM E. SMITH, Chief Judge.

   This Court recently dismissed the above-captioned matter based on Plaintiff's failure to comply with discovery orders in violation of Federal Rule of Civil Procedure 37(b).[1] Just two days later, Plaintiff filed the instant Motion to Vacate pursuant to Federal Rule of Civil Procedure 60(b), asking the Court to reverse course and reinstate the case (ECF No. 15). The Motion to Vacate is DENIED.

   Rule 60(b) permits courts to "relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . .

---

[1] The events giving rise to the dismissal are more fully set forth in the Court's Order dated April 2, 2014 (ECF No. 13). Based on Plaintiff's missed discovery deadlines and failure to reply to a motion to dismiss, the case just as easily could have been dismissed for failure to prosecute. See Fed. R. Civ. P. 41(b).

or (6) any other reason that justifies relief."[2] Relief under Rule 60(b) is "extraordinary in nature and, thus, motions invoking that rule should be granted sparingly." Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (internal quotations and citation omitted). "A party seeking relief under Rule 60(b) must demonstrate at a bare minimum, that his motion is timely; [and] that exceptional circumstances exist, favoring extraordinary relief . . . ." Id.

Plaintiff's request falls woefully short. In support of the Motion to Vacate, Plaintiff avers, in his one paragraph explanation, that: (1) the attorney handling the case recently left the firm and those attorneys remaining were not aware of pending matters in this case; and (2) Plaintiff's attorneys' computers were afflicted with a "crypto-virus."

It is a fundamental tenet of professional responsibility that the professional comings and goings of attorneys cannot excuse inadequate client representation. See, e.g., Rhode Island Disciplinary Rules of Professional Conduct Preamble; Rule 1.3 (Diligence); Rule 1.4 (Communication); Maples v. Thomas, 132 S. Ct. 912, 924 (2012) (attorneys "abandoned" their client, a death row inmate, when they left their firm without appropriately transferring the case or formally withdrawing and

---

[2] Rule 60(b) provides six separate reasons why a court might grant relief. Plaintiff does not specify which of these reasons he advances, but only those cited are arguably applicable.

2

caused the client to miss a crucial appellate deadline). Put simply, the primary responsibility of an attorney changing jobs is to ensure that his or her clients are aware of the departure and are adequately represented such that their rights are not prejudiced. This responsibility is so fundamental that a failure to fulfill it cannot provide the exceptional circumstance necessary for Rule 60(b) relief.

Nor can a purported computer virus suffice. See LR Gen 311(d) ("Problems on the Filing User's end, such as . . . hardware or software problems, will not constitute a technical failure . . . nor excuse an untimely filing."). It is undisputed that the parties had been in communication regarding the discovery deadlines and had even entered an applicable stipulation prior to the missed deadlines. What is more, three attorneys were listed as receiving electronic notifications for Plaintiff in this case. Only one of them is a law firm email address that might arguably have been affected by a computer virus; the other two are publicly-available Yahoo or Gmail addresses. Finally, that Plaintiff's attorneys were not aware of developments in the case is belied by the fact that the Motion to Vacate was filed just two days after the electronic docketing of this Court's order granting dismissal.

That Plaintiff's attorneys seemingly dropped the ball is unfortunate. But the proffered excuses fall far short of the

extraordinary circumstances necessary to justify relief under Rule 60(b). For this reason, Plaintiff's Motion to Vacate is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: April 15, 2014